# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cr-20049-COOKE/TORRES

**18 U.S.C. § 1341**
**18 U.S.C. § 1343**
**18 U.S.C. § 1349**
**18 U.S.C. § 981(a)(1)(C)**

**UNITED STATES OF AMERICA**

**vs.**

**LESLIE ROBERTS III,**

    **Defendant.**

_____/

FILED BY _____ **RB** _____
Deputy Clerk

**Jan 30, 2015**

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Miami

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.    P.M. was an artist working in a studio located in New York, New York (the "P.M. New York studio"). Paintings and other works of art created by P.M. had considerable market value.

2.    The P.M. New York studio assigned a unique serial number to and issued a certificate of authenticity for each work of art created by P.M.

3.    Max in the Grove was an art gallery located at 2996 McFarlane Road, Coconut Grove, Florida. Max in the Grove was engaged in the business of selling art, including paintings and works of art created by P.M.

4.    Leslie Roberts Jr. was the owner of Max in the Grove.

## COUNT 1
### Conspiracy to Commit Mail and Wire Fraud
### (18 U.S.C. § 1349)

1.      Paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around April 2010, through in or around October 2013, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### LESLIE ROBERTS III,

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with Leslie Roberts Jr. and others known and unknown to the Grand Jury, to commit the following offenses:

(a)      to knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, and attempting to do so, did knowingly cause to be delivered certain mail matter by United Parcel Service (UPS) and Federal Express (FedEx), private and commercial interstate carriers, according to the directions thereon, in violation of Title 18, United States Code, Section 1341; and

(b)      to knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations,

2

and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE CONSPIRACY

3.     It was the object of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by obtaining and misappropriating money and artworks from clients of Max in the Grove by making materially false and fraudulent representations, and by the concealment of material facts, concerning, among other things, the authenticity of certain P.M. artworks.

## MANNER AND MEANS

The manner and means by which the defendant and his co-conspirators sought to accomplish the object of the conspiracy included, among others, the following:

4.     Leslie Roberts Jr. operated Max in the Grove as a business that specialized in selling purportedly original paintings and other works of art from a number of well-known American artists including P.M. Max in the Grove's customer base consisted primarily of individual customers who purchased artwork from the Max in the Grove art gallery located in Coconut Grove, Florida.

5.     Leslie Roberts Jr. acquired original works of art for sale through Max in the Grove directly from artists such as P.M. and from existing clients and other third parties who wished to resell original works of art they had previously acquired. In some instances, Max in the

3

Grove acquired original works of art on a consignment basis, meaning Max in the Grove received a commission upon the completion of a sale.

6.      In some instances, **LESLIE ROBERTS III** and another co-conspirator produced forged copies of original P.M. works of art that were provided to Max in the Grove on a consignment basis by owners seeking to resell their original artwork. Leslie Roberts Jr. would then sell the original pieces of art to customers of Max in the Grove without remitting the proceeds from the sale to the actual owners of the art. Leslie Roberts Jr. would then tell the owner of the art that the artwork had failed to sell and he would return the forged copies to the artworks' owners to conceal the fraudulent sale of the originals.

7.      In other instances, **LESLIE ROBERTS III** and another co-conspirator produced forged copies of original P.M. works of art. Leslie Roberts Jr. then sold these forged copies by fraudulently representing that they were original works of art. Leslie Roberts Jr. mailed forged works of art to customers via United Parcel Service (UPS) and Federal Express (FedEx).

8.      **LESLIE ROBERTS III** and Leslie Roberts Jr. discussed the production and delivery of the forged copies using electronic mail.

9.      To conceal the fraudulent nature of these transactions, **LESLIE ROBERTS III** provided Leslie Roberts Jr. with false serial numbers and fake certificates of authenticity to make it appear that the forged copies were actually original works of art. Leslie Roberts Jr. presented the false serial numbers and fake certificates of authenticity to customers as proof of the authenticity of the works of art sold by Max in the Grove.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-4
## Mail Fraud
## (18 U.S.C. §§ 1341 and 2)

1.      Paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around April 2010, through in or around October 2013, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### LESLIE ROBERTS III,

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, and attempting to do so, did knowingly cause to be delivered certain mail matter by United Parcel Service (UPS) and Federal Express (FedEx), private and commercial interstate carriers, according to the directions thereon, in violation of Title 18, United States Code, Section 1341.

### PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was the purpose of the scheme and artifice for the defendant and Leslie Roberts Jr. to unlawfully enrich themselves by obtaining and misappropriating money and artworks from clients of Max in the Grove by making materially false and fraudulent representations, and by the concealment of material facts, concerning, among other things, the authenticity of certain paintings purchased by and sold to clients of Max in the Grove.

## THE SCHEME AND ARTIFICE

4.      Paragraphs 4 through 9 of the Manner and Means section of Count 1 of this Indictment are re-alleged and incorporated by reference herein as a description of the scheme and artifice.

## USE OF THE MAILS

5.      On or about the dates specified as to each count below, the defendant, **LESLIE ROBERTS III**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and to obtain money and property from others by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did knowingly cause to be delivered, directly and indirectly, by UPS and FedEx, private and commercial interstate carriers, according to the directions thereon, the items identified below in each count:

| COUNT | APPROX. DATE | DESCRIPTION OF MAILING |
|-------|--------------|------------------------|
| 2 | July 28, 2011 | Forged and fraudulent P.M. artworks, mailed by Leslie Roberts Jr. via UPS in Coconut Grove, Florida, to "E.S." in Round Hill, Virginia. |
| 3 | October 31, 2011 | Forged and fraudulent P.M. artworks, mailed by Leslie Roberts Jr. via UPS in Coconut Grove, Florida, to "A.T" in Pembroke Pines, Florida. |
| 4 | May 20, 2012 | Forged and fraudulent P.M. artworks, mailed by Leslie Roberts Jr. via FedEx in Coconut Grove, Florida, to "E.W." in Los Angeles, California. |

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 5-6
## Wire Fraud
## (18 U.S.C. §§ 1343 and 2)

1.      Paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around April 2010, through in or around October 2013, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### LESLIE ROBERTS III,

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds.

### PURPOSE OF THE SCHEME AND ARTIFICE

5.      It was the purpose of the scheme and artifice for the defendant and Leslie Roberts Jr. to unlawfully enrich themselves by obtaining and misappropriating money and artworks from clients of Max in the Grove by making materially false and fraudulent representations, and by the concealment of material facts, concerning, among other things, the authenticity of certain paintings purchased by and sold to clients of Max in the Grove.

## THE SCHEME AND ARTIFICE

6.      Paragraphs 4 through 9 of the Manner and Means section of Count 1 of this Indictment are re-alleged and incorporated by reference herein as a description of the scheme and artifice.

## USE OF THE WIRES

7.      On or about the dates specified as to each count below, in the Southern District of Florida, and elsewhere, the defendant, **LESLIE ROBERTS III**, for the purpose of executing, and in furtherance of, the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted, directly and indirectly, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, as more specifically described below:

| COUNT | APPROX. DATE | DESCRIPTION OF WIRE COMMUNICATION |
|-------|--------------|-----------------------------------|
| 5 | March 22, 2011 | Electronic mail from Leslie Roberts Jr. in New York, to **LESLIE ROBERTS III** in Florida, in which Leslie Roberts Jr. requests production of certain forged and fraudulent P.M. artworks. |
| 6 | March 22, 2011 | Electronic mail from **LESLIE ROBERTS III** in Florida, to Leslie Roberts Jr. in New York, in which **LESLIE ROBERTS III** promises production and delivery of certain forged and fraudulent P.M. artworks, as well as false and fraudulent certificates of authenticity for those artworks. |

8

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 981(a)(1)(C))

1.      The allegations of this Indictment are realleged and by this reference are fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **LESLIE ROBERTS III**, has an interest.

2.      Upon conviction of the offenses charged in this Indictment, the defendant, **LESLIE ROBERTS III**, shall forfeit all of his rights, title, and interest to the United States in any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a).

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

CHRISTOPHER B. BROWNE
ASSISTANT UNITED STATES ATTORNEY

9

UNITED STATES OF AMERICA

vs.

LESLIE ROBERTS III,

Defendant.

_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

| | | | |
|---|---|---|---|
| X | Miami | ____ | Key West |
| ____ | FTL | ____ | WPB | ____ | FTP |

New Defendant(s)          Yes _____     No ____
Number of New Defendants
Total number of counts        _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:      (Yes or No)      No____
   List language and/or dialect      _____

4. This case will take      3-4      days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                    (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0  to  5 days | __x__ | Petty | _____ |
| II | 6  to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | __x__ |
| V | 61 days and over | _____ | | |

6. Has this case been previously filed in this District Court?  (Yes or No)   No____
   If yes:
   Judge:                                    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?      (Yes or No)    No____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)      No____

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?      _____ Yes    __x__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?      _____ Yes    __x__ No

_____
CHRISTOPHER B. BROWNE
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 91337

*Penalty Sheet(s) attached                                    REV 4/8/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:**   LESLIE ROBERTS III

**Case No:**

Count #: 1

Conspiracy to Commit Mail and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**      Twenty Years' Imprisonment

Counts #: 2-4

Mail Fraud

Title 18, United States Code, Section 1341

**\*Max. Penalty:**      Twenty Years' Imprisonment

Counts #: 5-6

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:**      Twenty Years' Imprisonment

**\*Refers only to possible term of incarceration; does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**